## Bryant and Euwer *versus* Hagerty.

1. A. agreed with B. to manufacture lumber, and to receive in payment therefor a certain proportion of its proceeds, less "all advances in money or otherwise," by B.   A. subsequently gave an order on B. for " all money due or to become due to me * * under our contract," which B. accepted. *Held*, that the order incorporated the contract by its terms, and that B.'s general acceptance only bound him to pay the balance due A. after deducting advances.

2. Gillespie *v.* Mather, 10 Barr 28, followed.

3. The construction of a written instrument is exclusively the province of the court.

June 3d 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Elk county* : Of May Term 1878, No. 153.

This was an action of assumpsit brought by James H. Hagerty against Walter Bryant and Daniel Euwer, upon their alleged acceptance of a draft or order drawn upon them by Gilman T. Wheeler. Pleas : non-assumpsit, payment, set-off with leave, &c.

The facts were as follows:   On April 1st 1869, Bryant and Euwer of the first part, made an agreement with Wheeler of the

[Bryant *v.* Hagerty.]

second part, to continue for three years from that date, under which the latter was to manufacture lumber and shingles from the lands, and at the mill, of the former, to deliver the same at the Pittsburgh market, and to perform various other stipulations of no consequence in this case; payments from the proceeds of the lumber and shingles to be made under the following clause:

" 6th. And it is hereby further agreed, that an amount equal to forty per cent. on its market value of all the lumber manufactured from time to time at said mill during the continuance of this agreement, and estimated or measured as before provided, and also *the amount of all advances in money or otherwise* made by the parties of the first part to the party of the second part shall be deducted and retained by the parties of the first part from the proceeds of sale of the lumber aforesaid, or of any portion thereof, the balance to be paid and hereby agreed to be paid unto the party of the second part as his consideration in full for the fulfilment of the obligations herein imposed and binding upon him."

The agreement was subsequently continued in force until April 1st 1875.

In September 1874, a settlement was made between the parties, and Wheeler was found to owe the sum of $1540.79, for advances by Bryant & Euwer, and for lumber and shingles taken by him in excess of his proportion. For this amount he gave his note at nine months.

On February 22d 1875, Wheeler gave to the plaintiff, J. H. Hagerty, the following draft or order upon the defendants:—

"Ridgway, February 22d 1875.
Messrs. BRYANT & EUWER:

Please pay to J. H. Hagerty all moneys due or to come due to me for manufacturing lumber at Mill Creek Mill, Elk county, being sixty per cent. of the amount received for lumber manufactured there to April 1st next; and also all amounts due me for shingles made at said mill to April 1st next, and delivered to you *under our contract,* being eighty per cent. of the market value in Pittsburgh market.

G. T. WHEELER."

The testimony was conflicting as to the acceptance of this order; the plaintiff testifying that he presented it to Daniel Euwer in April 1875, in Allegheny city, who declined to accept it until he saw Wheeler, but having seen him, "accepted the order or took it and said it was all satisfactory;" and Daniel Euwer and another witness testifying that the order was not accepted; that Mr. Hagerty was told that Wheeler was in debt to plaintiffs, and they must take care of themselves, but that they were willing to do the best they could for him.

The plaintiff's first point, which the court (Wetmore, P. J.), affirmed, was as follows:—

6 NORRIS—17

The court is respectfully requested to charge the jury:

"That the order is express on its face for a definite proportion of the proceeds of the lumber and shingles, to wit: sixty per centum of the proceeds. of lumber, and eighty per centum of the proceeds of shingles; if therefore the jury believe that Daniel Euwer, on behalf of the defendants, did agree to pay the said order, the defendants cannot deduct from the sixty per centum and eighty per centum aforesaid any indebtedness of G. T. Wheeler to them."

The first point of defendants was as follows:

The court is respectfully requested to charge the jury:    .

1. That by the terms of the order it is subject to all the terms of the contract between Bryant & Euwer and Wheeler.

To which the court answered:

"The first point is answered as follows: If Hagerty had no knowledge of the provisions of the contract between Wheeler and Bryant & Euwer, and there was an acceptance to pay according to the per centage stated on the face of the order, then the point is answered in the negative."

And their second point was as follows:

2. By the terms of the contract Bryant & Euwer were not liable to pay Wheeler any amount on delivery of lumber until they had first been paid all that Wheeler might be indebted to them, and the plaintiff can only recover the balance after deducting all such indebtedness of Wheeler at the time of presenting the order.

Which the court affirmed, "with the qualification stated in answer to the first point."

The court also said, inter alia, in the general charge: * * * "Mr. Hagerty, on the one side, Daniel Euwer and Anthony Euwer on the other, differ a little in relation to the terms or to what was said and agreed to in relation to that order. Now you want to look at the relations of Bryant & Euwer to Wheeler, and the circumstances of the account to him. There was an indebtedness of $1540; would they, under the circumstances, accept an order unconditionally and promise to pay to Hagerty sixty per cent. of the lumber and eighty per cent. of the shingles, or would they not? On the other hand, Hagerty was there, and seemed to be an active business man; would he take an unconditional and unqualified acceptance? [The testimony is that they said it was satisfactory. Now, what is the fair construction of that language? Did it mean that sixty per cent. of the lumber and eighty per cent. of the shingles should be paid unconditionally, and without regard to the accounts between Bryant & Euwer and Wheeler; or did it mean that having seen Wheeler, and the order was correct that they would pay according to the terms of the contract?] * * * * [Now the case is substantially a question of fact for you. As we have said, when Hagerty presented that order, and having seen Wheeler and they said it was satisfactory, and you

[Bryant v. Hagerty.]

believe from the evidence that it was an unqualified and unconditional acceptance to pay to Hagerty eighty per cent. upon the shingles and sixty per cent. upon the lumber, then he would be entitled to recover, without regard to the account, the balance, $834.72, with interest. If, on the other hand, at the time of the interview between Hagerty and Euwer, on behalf of Bryant & Euwer, that it was stated by the defendants that they could not accept it unconditionally, that they would do the best they could and apply the hemlock that they received from Wheeler upon Wheeler's indebtedness, and they would pay the balance; if that was the nature of the transaction between the parties, then the plaintiff would be entitled to the balance after deducting the indebtedness from Wheeler to Bryant & Euwer, $202.22, with interest."]

Defendants excepted to the answers, to the points and to the charge. Verdict for plaintiff for $884.80, and judgment thereon, to which defendants took this writ, assigning for error the answers to the points and those portions of the charge enclosed in brackets.

*George A. Jenks* and *George A. Rathbun*, for plaintiffs in error.—The order is only for what is due or to become due "under our contract." This language incorporates the contract in the order: 2 Pars. Cont. 502–3, note x. The order is not negotiable and only operates as an equitable assignment of the amount due Wheeler under the contract. The case is ruled by Gillespie *v.* Mather, 10 Barr 28, 31. The acceptance, being verbal, was void by the Statute of Frauds, for all in excess of what plaintiffs in error owed Wheeler.

*Hall & M'Cauley*, for defendant in error.—The amount plaintiffs in error agreed to pay was for the jury, who have found in favor of Hagerty. As to the Statute of Frauds: King *v.* Kelley, 1 P. F. Smith 40; Dull *v.* Bricker, 26 Id. 260.

Mr. Justice SHARSWOOD delivered the opinion of the court, June 10th 1878.

Bryant & Euwer, the defendants below, had a contract in writing with Wheeler, by which the latter agreed to stock and run in the manufacture of lumber a saw-mill of Bryant & Euwer, on lands belonging to them in Elk county, to run and deliver the lumber to market at his cost, expense and risk. Bryant & Euwer were to have forty per cent of the market value of the lumber and twenty per cent. of the shingles, and deducting also "all advances in money or otherwise" made by them from the proceeds, the balance was to be paid to Wheeler as "his consideration in full for the fulfilment of the obligations imposed upon him."

Wheeler drew the draft in suit upon Bryant & Euwer in favor of the plaintiff below, and the evidence was that they verbally accepted

it. At that time Wheeler was indebted to them for advances previously made. The order or draft was to "pay J. H. Hagerty all moneys due or to come due to me for manufacturing lumber, being sixty per cent." of the lumber, and "all amounts due me for shingles delivered to you *under our contract*, being eighty per cent. of the market value." It will be seen that it referred expressly to the contract, and in effect incorporated it with the draft. It is clear that it was only for the amount due upon the contract, and that was all which the defendants, by their acceptance, undertook to pay the plaintiff. Whether Hagerty knew of the terms of the contract or not he had notice of it, and took the acceptance subject to its terms. The recital of the per centage of the lumber and shingles to which the drawer was entitled did not change the material stipulation that such amount was to be subject to deduction for advances. In that respect the case does not differ from the terms of the draft in Gillespie *v.* Mather, 10 Barr 28, which were, "When in funds from the sale of produce in your hands." It was said by Mr. Justice BELL, in the opinion of the court in that case: "The phrase 'when in funds,' as here used, is equivalent to 'when in debt to the drawer,' which, by reason of the factor's right of appropriation, cannot be while the principal is indebted to the factor. In entering upon such an engagement as this, it cannot be supposed the latter intended to pay the debts of others in preference to his own. This would be in the teeth of the general course of business, and, therefore, a construction not to be adopted, except under the coercion of plain manifestation, which has no existence here." In the case now before us it is not necessary to resort to construction to reach this result, for the order is express to pay "all money due or to come due to me," which words are synonymous with "when in debt to the drawer."

It follows, then, that the defendants below were entitled to an unqualified affirmance of their first and second points. In the answer to the second point the learned court below appeared to think that the question of the defendants' liability for the full amount of the per centage depended upon the plaintiff's actual knowledge of the provisions of the contract between the drawer and acceptors, instructing the jury in effect that if he had no knowledge—and the acceptance was general—it was not subject to deduction for the advances. But the draft on its face gave notice of the existence of the contract, and he clearly was bound to inquire as to its terms. The defendants could not be made liable beyond the terms of their written engagement by the acceptance of the draft, without evidence to vary it, which we do not see on the record. It follows also that the court committed an error in affirming the first point of the plaintiff, and in leaving it to the jury to decide whether the defendants, by saying that the draft was satisfactory, meant "that sixty per cent. of the lumber and eighty

[Bryant v. Hagerty.]

per cent. of the shingles should be paid unconditionally and without regard to the accounts between Bryant & Euwer and Wheeler; or did it mean that having seen Wheeler and the order was correct that they would pay according to the terms of the contract." This was submitting to the jury the construction of a written instrument which is exclusively the province of the court.

Judgment reversed, and a *venire facias de novo* awarded.