## F. S. Fisher, Plff. in Err. *v.* Jacob Moyer.

It is error to submit the construction of a letter or other written instrument to the jury; that question is for the court.

Where the owner of a horse wrote to the one having it in charge, saying: "I think you had better get rid of some of your old stock," and the court left the construction of the letter to the jury, and the jury interpreted it as meaning to authorize the sale of this horse,—*Held,* error.

(Decided May 17, 1886.)

Error to the Common Pleas of Schuylkill County to review a judgment for defendant in an action of replevin. Reversed.

F. S. Fisher owns a piece of timber land in Schuylkill county. He entered into a contract with one John H. Miller to cut mining timber on the land. Miller also worked the portion of the land which was cleared and under cultivation. Fisher purchased for use on the farm, *inter alia,* a horse. Miller sold this horse to the defendant Moyer, whereupon Fisher brought this action to recover possession thereof.

The defendant set up: First, that Miller was the owner of the horse, and therefore had a right to sell him and pass a good title to him. Second, that by the course of dealings between Miller and Fisher, he, Fisher, had permitted Miller so to deal with his, Fisher's, property, that a general authority might be inferred from Fisher to Miller authorizing him, Miller, to sell Fisher's personal property then in the custody and care of Miller. Third, that by a letter from Williamsport, written on the 20th of October, 1883, by Fisher to Miller, he, Fisher, had given to Miller special authority to sell the horse in question.

The weight of evidence was against the first proposition.

The court, in the charge to the jury, said, regarding the second proposition:

"We say to you we do not think, under the undisputed testimony in this case, that there is sufficient evidence from which a jury could infer such a general authority from Fisher to Miller as would authorize Miller to sell Fisher's property."

Upon the third proposition the court left it to the jury whether there was a sufficient special authority, outside of the mere general employment in which Miller was engaged, to satisfy them that Fisher authorized Miller to sell this property. The principal testimony on this point was a letter, dated October 20, 1883, from Fisher to Miller, as follows:

Dear Sir.

I will not come down this week, which I had expected, and may not be down next week, unless I stop on my return from Philadelphia. I paid the bills at Behler's. I don't want you to buy so much stuff now, and I think you had better get rid of some of your old stock. I will come down shortly and then fix matters up.

The instruction was as follows:

It is a question for you to determine whether this letter gave authority to Miller in March, 1884, to sell this property; whether this letter did refer to this property of Fisher's, if you find that it belonged to Fisher; or whether it simply referred to the property which Miller himself owned, and as to which there is no dispute.

If you take the language of the letter itself, when he advises him to "get rid of some of your old stock," it would refer to property which was owned by Miller himself. That would be the ordinary interpretation of it. Whether there is any ambiguity connected with it, by reason of the fact that this property had been purchased by Miller, but in Fisher's name, and that Miller was the real owner of the property, and it had been simply put into Fisher's name for another purpose, that is a

question for you to determine, under the evidence in this case, whether such a letter as this could have referred to property other than the property which Miller himself owned beyond any question.

The jury found for defendant, and plaintiff brought error.

*H. B. Graeff* and *James Ryon,* for plaintiff in error.—An ambiguity on the face of a written document is for the judge to explain. Beatty v. Lycoming County Ins. Co. 52 Pa. 456. See Esser v. Linderman, 71 Pa. 76 ; Smith v. Thompson, 8 C. B. 44.

The construction of every written instrument is the exclusive province of the court. Collins v. Rush, 7 Serg. & R. 152 ; Welsh v. Dusar, 3 Binn. 329 ; Bryant v. Hagerty, 87 Pa. 256.

When the existence or nonexistence of a fact depends upon written evidence, it is the province of the court to determine upon the legal effect. M'Coy v. Lightner, 2 Watts, 347.

*G. H. Gerber* and *Wm. A. Marr,* for defendant in error.— The question was whether Fisher authorized Miller to sell anything; and if he did, what it was. In connection with the other evidence, this was a question of fact which the jury alone could determine. 2 Greenl. Ev. § 28*a*; M'Coy v. Lightner, 2 Watts, 347.

The indirect written evidence of a relation is usually accompanied by oral testimony aiding or rebutting the inferences desired to be drawn from it; and all such evidence usually goes to the jury as evidence of the disputed question, and this was the meaning of Chief Justice GIBSON when he said that "an admixture of parol with written evidence draws the whole to the jury." 1 Pa. St. 386 ; Miller v. Fichthorn, 31 Pa. 252.

In Frame v. William Penn Coal Co. 97 Pa. 312, the supreme court says : "It was also error to exclude the letters referred to in the third and fourth specifications. Assuming, as we must for the purposes of this case, that the defendant had no knowledge of the agency, they were links in the chain of the defense."

OPINION BY MR. JUSTICE PAXSON:

We think it was error to submit to the jury the construction of the letter referred to in the first assignment. It is settled law that the construction of written instruments is for the court. Bryant v. Hagerty, 87 Pa. 256.

There was nothing to make this an exception to the rule. The letter does not admit of more than one construction. It was written by the plaintiff to the defendant, and recommends the defendant to get rid of some of his old stock. The exact words are: "I think you had better get rid of some of your old stock." By no proper rule of construction could this be held to be an authority to the defendant to sell the plaintiff's horse. Yet the jury have so found, and probably upon this letter alone, as the learned judge charged them that there was not sufficient evidence of a general authority to make the sale. The case may be fairly said to have turned upon the question of authority to sell. Upon the question of the ownership of the horse, the weight of the testimony was so heavily with the plaintiff that the jury could hardly have found that issue in favor of the defendant. The court should have instructed the jury that the letter contained no authority to sell the plaintiff's horse.

This disposes of the first assignment. We are compelled to sustain the remaining assignments, for the reason that in each of them the question of the defendant's authority to sell was submitted to the jury. As there was no such authority proved, it was error to submit the question at all.

Judgment reversed, and a *venire facias de novo* awarded.